**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMY GHARB, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MITSUBISHI ELECTRIC AUTOMATION, ) <br> INC., a Delaware Corporation, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 1:10-cv-7204 <br><br> Honorable Judge: Edmond E. Chang |

**MITSUBISHI ELECTRIC AUTOMATION, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Mitsubishi Electric Automation, Inc. ("MEAU") respectfully submits this Reply in support of its Motion To Dismiss Plaintiff Samy Gharb's First Amended Complaint ("Complaint"). For the reasons set forth below, the Court should reject the arguments in Gharb's Response and should grant MEAU's Motion to Dismiss:

*First*, Gharb's Complaint fails to identify his theory of direct infringement, and, in particular fails to identify the MEAU "security system with mobile phone" that allegedly infringes U.S. Patent No. 6,552,654 ("the '654 Patent"). The identification of a specific PLC is not enough to survive MEAU's Motion because a PLC, which is neither a security system nor a phone, cannot as a matter of law directly infringe the '654 Patent.

*Second*, Gharb's submission of various unidentified "exhibits" to support his allegations is improper because the exhibits were not part of his Complaint. Moreover, the exhibits are not relevant to Gharb's claims against MEAU.

*Third*, Gharb failed to plead elements that are required to sustain his claims for induced infringement and contributory infringement.

In summary, Gharb has become a serial litigator in this district and elsewhere, having filed a rash of largely unintelligible lawsuits against a multitude of parties based on his expired patent.[1] In his suit against MEAU, Gharb has retained private counsel, who we agree has prepared a better organized complaint than Gharb's other *pro se* complaints. But, a better organized complaint does not convert a substantively deficient pleading into one that can survive a Rule 12 motion. As is true for any case, before MEAU is put to the significant expense and time consuming process of answering the Complaint and proceeding with discovery, Gharb must be compelled to state a cognizable claim. Gharb has not done so to date, and respectfully, he will not be able to do so against MEAU consistent with all applicable pleading standards.

## ARGUMENT

**I.  GHARB'S COMPLAINT FAILS TO SUFFICIENTLY PLEAD DIRECT INFRINGEMENT**

    **A.  Gharb Has Failed To Identify The "Means By Which" The MEAU Products Allegedly Infringe The '654 Patent.**

To survive a motion to dismiss, a complaint for patent infringement must do more than provide vague references to allegedly infringing products. *See Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008) (providing examples of allegedly infringing products only constitutes "clues to defendants as to the scope of [plaintiffs] claim," and do not "meet even the broad Rule 8 notice requirements."); *see also Prestige Pet Prods., Inc. v. Pingyang Huaxing Leather & Plastics*, 2011 WL 727869, *3 (E.D. Mich. March 3, 2011)

---

[1] There are two other cases that Gharb has filed in this district and which are pending before Judge Robert Dow: *Gharb v. Rockwell Automation et al.*, Case No. 1:11-cv-00405 and *Gharb v. Schneider Electric, S.A., et al*. Case No. 1:10-cv-07637. Gharb also has filed two complaints in the District Court for the District of Columbia: *Gharb v. Unitronics 1989 R G Ltd. et al.*, Case No. 1:10-cv-01847 and *Gharb v. City of Hoboken et al.*, Case No. 1:10-cv-01845, both of which were dismissed for failing to provide proof of service of the complaint. Gharb brought these two suits even though he was enjoined by the court from doing so. *See Unitronics 1989 R G Ltd. et al. v. Gharb*, Case No. 1:06-cv-00027.

2

(granting motion to dismiss direct infringement claims where plaintiff only identified various product lines, but not specific products, and no other facts to support its claims). At a minimum, a properly pled claim for patent infringement must "describe[] the means by which the defendant allegedly infringe[d]." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

Although the patentee need not disclose details rising to the level of infringement contentions at this stage,[2] he "must allege facts sufficiently setting forth the essential elements of the cause of action." *Hollander v. Brown*, 2005 WL 1563125, at *1 (N.D. Ill. June 28, 2005); *see MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201-02 (D. Mass. 1999) (plaintiff must "set forth *factual allegations*, either direct or inferential, respecting *each material element* necessary to sustain recovery under some actionable legal theory" (internal quotation marks and citations omitted)). The factual allegations in the Complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Gharb's Complaint alleges that MEAU infringes the '654 Patent by selling "security systems with mobile phones," but his Complaint does not identify any "security systems" or "mobile phones." (Plaintiff's First Amended Complaint ("Complaint") ¶¶ 9-10.) In his Response, Gharb contends that he "has named not only the model line of infringing devices, Defendant's ALPHA Family of PLC products, but has gone further, indicating a serial number of one of the devices believed to be infringing Plaintiff's '654 Patent, the AL-2-14MR-A."

---

[2] To the extent Gharb suggests that MEAU argues that his Complaint requires the same level of detail required in infringement contentions, he is mistaken. MEAU does not assert that Gharb must provide that level of detail in his Complaint; however, under *Iqbal*, *Twombly,* and Federal Circuit precedent, merely identifying a product, without more, is insufficient as a matter of law to survive a motion to dismiss.

(Plaintiff's Response to MEAU's Motion to Dismiss ("Response") 7.) That is not enough, however, to save his Complaint because, as Gharb concedes, the PLCs Gharb identifies are neither a security system nor a mobile phone. (Complaint ¶ 6.) At best, a PLC may be a component of a security system.

There are other reasons why Gharb's identification of a specific MEAU PLC does not save his vague allegations of direct infringement. For example, Gharb's Complaint does not allege that the MEAU PLCs directly infringe a claim of the '654 Patent. Nor does Gharb's Complaint identify any system in which MEAU PLCs are incorporated to directly infringe any claim of the '654 Patent. There simply is no adequate description of the "means by which" MEAU allegedly directly infringes, meaning that MEAU has no notice of how or in what manner its products allegedly infringe the '654 Patent.

Gharb's attempts to distinguish two of the cases cited in MEAU's Motion are unavailing. MEAU cited to *Mallinckrodt, Inc. v. E-Z-EM Inc.* (1) for the proposition that a complaint must include the means by which defendant allegedly infringed and identify the allegedly infringing product manufactured and distributed by defendants and (2) because the court in *Mallinckrodt* granted a motion to dismiss an induced infringement claim for failure to plead that the defendant had intent to induce and knowledge of patent. (*See* MEAU's Memorandum in Support of its Motion to Dismiss ("MEAU Mem.") 7, 11.) *McZeal v. Sprint Nextel Corp.* was only referenced because *Mallinckrodt* relied on that precedent. (*Id.* at 7.)

Neither case stands for the proposition that the identification of an accused product that does not meet all of the elements of a claim is sufficient to survive a motion to dismiss. In *Mallinckrodt,* the patent-in-suit "relate[d] to remotely powered magnetic resonance ("MR") injectors," and the accused device was an "MR injector system." *Mallinckrodt, Inc. v. E-Z-EM*

4

*Inc.*, 670 F. Supp. 2d 349, 358 (D. Del. 2009). In other words, the "means by which" the accused device may have infringed was apparent. Nevertheless, the accused infringer sought to dismiss the complaint because the patent-in-suit's claims "cover[ed] multi-component systems, of which an injector [was] only one portion." *Id.* at 353. After noting that it was essential for a patentee to "describe[] the means by which defendant allegedly infringed," the court found that the patentee specifically "describe[d] the means by which Defendants are allegedly infringing," *i.e.,* by asserting that the defendant installed their MR injector in "MRI suites" and configured those suites in an allegedly infringing manner that read on the asserted patent. *Id.*

Similarly, the patentee in *McZeal* provided significantly more notice to the accused infringer than Gharb has provided here. Claim 1 of the asserted patent in *McZeal* was directed towards "[a] satellite based/tri-frequency cellular wireless apparatus and network for establishing real time instant messaging, Voice Over IP communications, and global unified telecommunications between wireless networks" – in other words, a cellular device. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (discussing U.S. Pat. No. 6,763,226). The patentee in *McZeal* directly alleged that Sprint Nextel manufactured and sold cellular phones that infringed his patent. *See id.* Although Gharb argues that simply identifying an allegedly infringing product is sufficient to survive the motion to dismiss, the Federal Circuit in *McZeal* specifically found that the plaintiff in that case "described the means by which Sprint Nextel allegedly infringes," by alleging that a specific cellular phone "manufactured and distributed by the defendants, which claims to be an 'International Walkie Talkie Machine' and which purports to provide . . . global wireless Voice Over Internet Protocol (VoIP)

communications infringe[d] his patent." *Id.* at 1357.³ That is not the case here where Gharb has not identified the "means by which" MEAU allegedly infringes.

Because Gharb has failed to specify the security system and mobile phone that allegedly infringes his patent and how MEAU's ALPHA PLCs relate to any alleged infringement the '654 Patent, his claim for direct patent infringement should be dismissed.

    **B.**  **As A Matter of Law, A PLC Cannot Directly Infringe The '654 Patent.**

To the extent Gharb is alleging that MEAU's PLCs directly infringe the '654 Patent, that allegation is insufficient as a matter of law. As discussed in MEAU's Memorandum in Support of its Motion to Dismiss, a PLC is only *one* of the required elements of claim 1 of the '654 Patent. Claim 1 of the '654 Patent claims a device comprising several separate elements, including, but not limited to: "a mobile telephone having at least one preselected emergency number," five programmable logic controllers ("PLCs"), a "computer having mobile lines connectable to the five PLC controllers," "at least one sensor for generating an alarm state," and a "main relay for controlling the first PLC controller and which can be operated by a remote control." (*Id.*) The identification of one element of a claim cannot give rise to a facially plausible claim of direct infringement because those allegations ***do not suggest*** that "each and every limitation set forth in a claim appear[s] in an accused product." *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.,* 389 F.3d 1370, 1378 (Fed. Cir. 2004) (internal citation omitted and emphasis added). Accordingly, by failing to identify which MEAU

---

³ Apart from misapplying the teaching in *Mallinckrodt* and *McZeal*, Gharb's Response ignores the fundamental teaching in a litany of cases holding that a properly pled claim for patent infringement requires more than just a vague reference to the allegedly infringing products. *See In re Papst Licensing GmbH Patent Litig.*, 2001 WL 179926, at *2 (E.D. La. Feb. 22, 2001) (complaint must specifically identify which of the defendant's products are alleged to have infringed the plaintiffs patents); *Taurus*, 539 F. Supp. 2d at 1127; *Prestige Pet Prods., Inc.,* 2011 WL 727869, at *3.

products purportedly contain all of the elements of claim 1 of the '654 Patent, Gharb has failed to allege facts "sufficiently setting forth the essential elements" of his direct infringement claim. *See Hollander*, 2005 WL 1563125, at *1.

Furthermore, the Federal Circuit has ruled on this issue, and has expressly held that "a PLC communicating over GSM alone *would not infringe* the '654 Patent." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 318 Fed. Appx. 902, 905 (Fed. Cir. 2008) (unpublished). "In a patent case, a district court is bound by decisions of the United States Court of Appeals for the Federal Circuit for the determination of all issues except those that are 'entirely procedural' and not unique to patent law." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1084-85 (S.D. Cal. 2002) (citing *Atasi Corp. v. Seagate Tech.*, 847 F.2d 826, 829 (Fed. Cir. 1988)). In the *Unitronics* litigation, the district court construed the claims of the '654 Patent to require more than a PLC "that is able to communicate over a GSM network."[4] *Unitronics (1989) (R"DG) Ltd. v. Gharb*, 511 F. Supp. 2d 123, 133 (D.D.C. 2007). Gharb appealed the district court ruling to the Federal Circuit.

The Federal Circuit upheld the district court's claim construction and affirmed the district court's ruling in all respects, expressly holding that, in order to meet the claims of the '654 Patent, an accused product must be more than just "a PLC communicating over GSM."

---

[4] The district court in *Unitronics* also rejected Gharb's indirect infringement theories, a separate holding that was also upheld on appeal. *First*, the district court found a lack of evidence that Unitronics knew of any direct infringement or had specific intent to encourage others to infringe, and thus rejected Gharb's induced infringement theory. *Unitronics*, 511 F. Supp. 2d at 134-35. *Second*, the district court recognized that "Gharb's own description of PLCs . . . prove[d] that they are staple articles of commerce that are used for substantial noninfringing uses," making them incapable of forming the basis of a contributory infringement allegation. *Id.* Although the district court's findings are not binding on this Court, the operative theory is applicable here: for example, Gharb's failure to allege or identify "specific intent" to support his theory of induced infringement, and failure to allege that the ALPHA family of products are not staple articles of commerce are fatal to his indirect infringement claims. *See infra* Section II.

7

*Unitronics*, 318 Fed. Appx. at 905. Hence, to survive a motion to dismiss, Gharb has to identify a product that allegedly meets each and every element of Claim 1 of the '654 Patent. As a matter of law, a PLC, such as the identified MEAU PLC, cannot meet each and every element of Claim 1. *See id.*

Gharb seeks to set aside the Federal Circuit's holding in Unitronics on the ground that "[t]he Unitronics lawsuit involved a <u>different company</u> compared to the present case, producing a <u>different product</u>. . . . decided on a Motion for Summary Judgment, and not a Rule 12(b)(6) attack on Mr. Gharb's pleadings." (Response 2.) Those distinctions are unavailing because MEAU is not relying on the summary judgment portion of that case, but is instead relying on the claim construction that construed the claims of the '654 Patent to require more than a PLC.[5] District courts are bound to apply the Federal Circuit's claim constructions, even as against non-parties to the initial litigation. *See, e.g., Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998); *Rambus, Inc. v. Hynix Semiconductor Inc.,* 569 F. Supp. 2d 946, 963–64 (N.D. Cal. 2008); *Wang Labs., Inc. v. Oki Elec. Indus. Co*., 15 F. Supp. 2d 166, 175–76 (D. Mass. 1998). Accordingly, this Court is bound by the Federal Circuit's ruling that a PLC alone cannot infringe the '654 Patent – precisely what Gharb appears to be alleging once again.

### C. Gharb's Submission Of Various "Exhibits" Is Insufficient To Support His Direct Infringement Claim.

In support of his Response, Gharb has submitted several exhibits from different Mitsubishi entities – not the Defendant, MEAU – purporting to lift his Complaint from the realm of the speculative to the plausible. Although Gharb asserts that these exhibits (hereinafter "Response Exhibits") are "several pages taken from Defendant's and Defendant's parent's

---

[5] It should also be noted that because Unitronics filed a declaratory judgment action against Gharb, Unitronics could not file a Rule 12(b)(6) motion to dispose of the case.

published product information materials dated during or around the relevant time period," (Response 4), none of the Response Exhibits are from MEAU.

The Response Exhibits should be disregarded for three reasons: *first*, the Response Exhibits are outside the pleadings, and as such should be stricken; *second*, Gharb does not identify the origin of the Response Exhibits, none of which were generated by MEAU; and *third,* Gharb has failed to articulate any link between the Response Exhibits and his vague and amorphous claim for patent infringement.

### 1. Gharb's Response Exhibits Are Outside The Pleadings And Should Be Disregarded Or Stricken.

As a threshold matter, the Response Exhibits are not part of the Complaint and are, therefore, outside the scope of the Court's Rule 12(b)(6) analysis. "[E]xhibits attached to a response to a motion to dismiss cannot be considered. They are the stuff of a summary judgment motion." *Wells v. City of Chicago*, 2004 WL 2966921, at *1 (N.D. Ill. Nov. 30, 2004); *see also Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996). Gharb attempts to argue his case with facts outside the Complaint and attaches to his response 26 pages of unauthenticated exhibits. Gharb cannot defend against dismissal by alleging facts in his brief that are not in the Complaint. *See, e.g., United State of America v. Caremark Rx., Inc*., 2006 WL 1519567 (N.D. Ill. May 30, 2006) (citing *Kennedy v. Venrock Assocs.,* 348 F.3d 584, 592-93 (7th Cir. 2003). Accordingly, the Court should disregard or strike these exhibits entirely.

### 2. Gharb's Response Exhibits Were Not Generated By MEAU.

Even if the Court were inclined to consider the "facts" presented by Gharb's inclusion of the Response Exhibits, Gharb has not identified the origin of any of these documents, directly alleged that defendant MEAU prepared them, or alleged that the products identified in the Response Exhibits are actually made, manufactured, sold, or imported by MEAU. To the

9

contrary, none of the Response Exhibits were created by MEAU.[6] (*See* Decl. of Scott Rohlfs, Ex. 1, ¶ 3.) In addition, MEAU does not make, import, or sell mobile phones, modems, or alarm/security systems. (*Id.* ¶ 4.)

### 3. Gharb Has Failed To Articulate How Any Exhibits Elevate His Vague Infringement Claim From The Realm of the "Speculative" to the "Plausible."

As discussed above, Gharb cannot merely identify the alleged presence of one element of one claim in the '654 Patent in one line of MEAU products in hopes that doing so would give rise to a facially plausible claim of direct infringement. The introduction of unidentified exhibits fails to provide an "further factual enhancement" to his claim for infringement. *See Evans v. U.S. Postal Service,* 428 F. Supp. 2d 802, 805 (N.D. Ill. 2006). ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 557).) In fact, Gharb implicitly concedes that none of his Response Exhibits show or identify a product (or suite of products) that would allegedly contain all the elements of claim 1 of the '654 Patent: he specifically asserts that Exhibits E and F describe the ALPHA PLCs "capability [singular, not plural] of sending SMS data to a GSM modem to be forwarded to cellular telephones," and argues "[t]hese are *some* of the elements of claim 1 of Plaintiff's '654 patent." (Response 4 (emphasis added).) In other words, Gharb's best argument with respect to the Response Exhibits is that two of them allegedly show that a putative MEAU product allegedly has a portion of the capability contained in claim 1 of his patent (*i.e.,* a PLC communicating SMS data over GSM to cellular phones).

---

[6] While some of the Response Exhibits appear to relate to Mitsubishi Electric Corporation, Gharb has voluntarily dropped that entity from this case when he filed his Amended Complaint. (*See* Dkts. 1 and 15.) Gharb should not be allowed to circumvent the Federal Rules of Civil Procedure by trying to assert claims against MEAU that were originally directed at another entity that has been dropped from the case.

## II. GHARB HAS FAILED TO RESPOND TO MEAU'S ARGUMENTS IDENTIFYING CRITICAL FAILURES IN HIS INDIRECT INFRINGEMENT CLAIMS.

Gharb also brings claims for contributory and induced infringement in his Complaint. As MEAU points out in its Motion to Dismiss, properly pleading a contributory or induced infringement claim requires a plaintiff to plead specific elements are met. For example, a claim for contributory infringement requires plaintiff to plead, among other things, that the accused product(s) are not staple articles of commerce with substantial non-infringing uses. A claim for induced infringement requires, among other things, a pleading that the accused infringer had specific intent to encourage others to infringe.

Gharb has not pled any of these, and also has failed to plead other necessary elements in support of his claims for indirect infringement. Gharb's Response to MEAU's Motion is to merely point to his Response Exhibits, and argue in conclusory fashion that "[t]hese exhibits show that the Defendant was advising its consumers how to use the AL2-14MR-A and ALPHA Family of products in a manner encompassed by claim 1 of the '654 patent." (Response 6.) Because this allegation is insufficient to support his claims for indirect infringement, those claims should also be dismissed.

### A. Gharb's Pleading Is Insufficient To Support A Contributory Infringement Claim.

In his Response, Gharb does not address his failure to allege the required elements of contributory infringement in his Complaint. A claim of contributory infringement requires, among other things, the patentee to show that the allegedly infringing party made or used the infringing product "knowing it to be 'especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for

11

substantial non-infringing use.'" *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009) (quoting 35 U.S.C. § 271(c))).

Gharb's Complaint fails to allege several elements of contributory infringement including an allegation that MEAU products are not staple articles of commerce without substantial non-infringing uses. Gharb does not address this failing in his Response, and offers no facts to support an allegation of contributory infringement. Instead, he asserts that the Response Exhibits allegedly show MEAU "advis[ed] its consumers" on how to use the ALPHA line of PLCS "in a manner encompassed by claim 1 of the '654 patent." (Response 6.) Gharb's Response Exhibits are outside of the pleadings. Furthermore, the Response Exhibits do not state or show that the MEAU PLCs are not staple articles of commerce with substantial non-infringing uses. Accordingly, because Gharb's allegation of contributory infringement cannot satisfy the Rule 8 requirement, and because he has not responded to MEAU's argument, the Court should dismiss his claim for contributory infringement.

### B. Gharb's Pleading Is Insufficient To Support An Induced Infringement Claim.

Similarly, Gharb has not addressed his failure to allege the required elements of an induced infringement claim in his Complaint. To properly plead an induced infringement claim, a plaintiff must plead facts to show that, among other things, (1) the defendant's actions induced infringing acts, (2) the defendant knew or should have known his actions would induce actual infringements, and (3) the defendant possessed specific intent to encourage another's direct infringement. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321-22 (Fed. Cir. 2009). Gharb's argument in Response with respect to his induced infringement is that the Response Exhibits allegedly show MEAU "advis[ed] its consumers" on how to use the ALPHA line of PLCS "in a manner encompassed by claim 1 of the '654 patent." (Response 6.) The Response Exhibits, however, are outside of the pleadings and should not be considered.

Moreover, both the Complaint and Gharb's Response are wholly devoid of averments needed to satisfy the legal requirements for an inducement claim, namely there are no allegations that MEAU induced others to infringe the '654 Patent, knew or should have known it was causing others to infringe, and had specific intent to encourage others to infringe. Thus, his claim for inducement must be dismissed. *See Best Medical Int., Inc. v. Accuray, Inc*., 2010 WL 5053919, at *6 (W.D. Pa. 2008) (claim for inducement "must allege not only that the defendant knowingly induced infringement but also that he/she has a specific intent to encourage that infringement").

Because Gharb has not made these critical pleadings necessary to support of a claim of induced infringement, and has not addressed MEAU's argument in its Motion to Dismiss, the Court should dismiss Gharb's allegation of induced infringement of the '654 Patent. *See Mallinckrodt*, 670 F. Supp. 2d at 354 (granting motion to dismiss induced infringement claim for failure to plead that defendant had intent to induce and knowledge of patent); *Tech. Licensing Corp.*, 2010 WL 4070208, at *3 (granting motion to dismiss inducing infringement claim for failure to plead that there was direct infringement by a third party and that defendant had intent to induce); *see also Coolsavings.Com, Inc. v. Catalina Mktg. Corp.*, 1999 WL 342431, at *2 (N.D. Ill. May 14, 1999) (dismissing complaint with prejudice because it "allege[d] only the 'bald assertion' of active inducement . . . 'without the allegation of any facts supporting it'").

13

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Gharb's Complaint for failure to state a claim upon which relief can be granted for patent infringement.

| | |
|---|---|
| DATED: September 12, 2011 | Respectfully Submitted, |
| | */s/ Terrence J. Truax* |
| | Terrence J. Truax<br>Joseph A. Saltiel<br>Peter Hanna<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, Illinois 60654<br>Telephone: (312) 222-9350<br>Fax: (312) 527-0484<br>ttruax@jenner.com<br>jsaltiel@jenner.com<br>phanna@jenner.com |
| | Attorneys for Defendant<br>Mitsubishi Electric Automation, Inc. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MITSUBISHI ELECTRIC, AUTOMATION, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** and supporting materials was filed on September 12, 2011 with the Clerk of the Court by using the CM/ECF system which will send a notice of filing to the following:

**Howard B. Rockman**
Howard B. Rockman, P.C.
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604-2827
Ph:   312-540-7512
Fax: 312-540-0578
rockmanhb@gmail.com



                */s/ Terrence J. Truax*